# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILFREDO LARA,<br><br>    Petitioner,<br><br>    v.<br><br>NEIL MCDOWELL,<br><br>    Respondent. | Case No. 1:21-cv-00044-NONE-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS PETITION AS UNTIMELY[1]<br><br>(Doc. No. 13)<br><br>OBJECTION PERIOD TWENTY-ONE DAYS |

    Petitioner Wilfredo Lara ("Petitioner" or "Lara"), a state prisoner, initiated this action on December 17, 2020,[2] by filing a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. No. 1). In response, Respondent filed a motion to dismiss. (Doc. No. 13). Respondent filed the state court record in support. (Doc. No. 15). Petitioner filed an opposition (Doc. No. 21) and Respondent filed a reply. (Doc. No. 22). For the reasons stated below, the undersigned

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).

[2] The Court applies the "prison mailbox rule" to *pro se* prisoner petitions, deeming the petition filed on the date the prisoner delivers it to prison authorities for forwarding to the clerk of court. *See Saffold v. Newland,* 250 F.3d 1262, 1265, 1268 (9th Cir.2000), *overruled on other grounds, Carey v. Saffold,* 536 U.S. 214 (2002). Here, Petitioner certifies that he delivered the petition to correctional officials for mailing on December 17, 2020. (*See* Doc. No. 1 at 9).

recommends the District Court grant Respondent's motion to dismiss and dismiss the petition with prejudice as time barred.

## I. BACKGROUND

Lara is serving a determinate, enhanced twenty-three-year state prison sentence stemming from his 2013 conviction for attempted voluntary manslaughter, assault with a firearm, and discharging a firearm at an occupied building entered by the Tulare County Superior Court (Case Nos. VCF290489/VHC398641). (Doc. No. 1 at 2). The petition raises one ground for relief: the trial court erred when it engaged in judicial factfinding during the bifurcated trial in violation of Lara's Sixth and Fourteenth Amendment rights. (*See generally* Doc. No. 1). Respondent contends the petition is subject to summary dismissal because it was filed nine months after the federal statute of limitations expired. (Doc. No. 13 at 3). In response, Lara asserts his conviction was not final for purpose of AEDPA until he fully exhausted his underlying constitutional claims, which did not happen until the California Supreme Court denied his sixth state habeas corpus petition on December 17, 2020. (Doc. No. 21 at 2-4). Alternatively, Lara claims he is entitled to equitable tolling. (Id. at 4-5). In reply, Respondent argues Petitioner fails to show an entitlement to equitable tolling. (*See generally* Doc. No. 22).

## II. APPLICABLE LAW

### A. Standard of Review

Under Rule 4, if a petition is not dismissed at screening, the judge "must order the respondent to file an answer, motion, or other response" to the petition. R. Governing 2254 Cases 4. The Advisory Committee Notes to Rule 4 state that "the judge may want to authorize the respondent to make a motion to dismiss based upon information furnished by respondent." In *White v. Lewis*, 874 F.2d 599, 602-03 (9th Cir. 1989), the Ninth Circuit held that a motion to dismiss based on procedural default is proper in habeas proceedings. Since that time, the Ninth Circuit has affirmed cases where habeas petitions were dismissed on a respondent's motion to dismiss for untimeliness. *Orthel v. Yates*, 795 F.3d 935, 938 (9th Cir. 2015) (affirming district court's grant of respondent's motion to dismiss petition as untimely because petitioner "did not establish an exceptional circumstance that would warrant equitable tolling"); *Stancle v. Clay*, 692

2

F.3d 948, 951 (9th Cir. 2012) (same); *Velasquez v. Kirkland*, 639 F.3d 964, 966 (9th Cir. 2011). In doing so, the Ninth Circuit has explicitly relied on information supplied outside the pleadings and its attachments, such as medical records. *Orthel*, 795 F.3d at 940. The undersigned finds because the statute of limitations is a procedural bar, the Court may consider the documents submitted by Petitioner and Respondent for purposes of determining whether Petitioner is entitled to equitable tolling. *Id*.

**B. AEDPA's Statute of Limitations**

Title 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, sets a one-year period of limitations to the filing of a habeas petition by a person in state custody. This limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Here, Lara does not allege, nor does it appear from the pleadings or the record, that the statutory triggers in subsections (B)-(D) apply. Thus, the limitations period began to run on the date Lara's conviction became final. 28 U.S.C. § 2244(d)(1)(A); *Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009).

Lara was sentenced for his crime of conviction on June 2, 2016. (Doc. No. 1 at 2). Lara directly appealed his conviction. (*Id*. at 2-3). On January 25, 2018, the California Court of Appeal struck certain of Lara's sentence enhancements but otherwise affirmed his conviction. (Doc. No. 13 at 2). The California Supreme Court denied review on April 11, 2018. (*Id*.). Accordingly, Lara's conviction became final 90 days later, on July 10, 2018. *See Bowen v. Roe*,

188 F.3d 1157, 1159 (9th Cir. 1999); S. Ct. Rule 13.  AEDPA's one-year statute of limitations began running the next day, July 11, 2018.  Therefore, Lara had until July 11, 2019 to file his federal habeas petition, absent statutory or equitable tolling.  *See Patterson v. Stewart*, 251 F.3d 1243, 1246-47 (9th Cir. 2001) (adopting anniversary method to calculate one-year statutory period).

Lara appears to suggest that his conviction is not "final" for federal habeas purposes until he fully exhausts his federal claims in the state court system.  (*See* Doc. No. 21 at 2-4).  Lara confuses the requirement that a petition be timely filed and that a petition contain only exhausted claims.  *Compare* § 2244(d)(1) and § 2254(d).

Lara filed the following eight post-conviction collateral motions in the state courts:

1. Tulare County Superior Court habeas petition filed November 29, 2018,[3] denied January 18, 2019.  (Doc. Nos. 15-5, 15-6).
2. Tulare County Superior Court habeas petition filed March 5, 2019, denied March 13, 2019.  (Doc. Nos. 15-7, 15-8).
3. California Court of Appeal habeas petition filed May 27, 2019, denied August 22, 2019.  (Doc. Nos. 15-9, 15-10).
4. Tulare County Superior Court habeas petition filed January 29, 2020, denied February 20, 2020.  (Doc. Nos. 15-11, 15-12).
5. Tulare County Superior Court habeas petition filed March 10, 2020, denied as successive April 27, 2020.  (Doc. Nos. 15-13, 15-14).
6. Tulare County Superior Court habeas petition filed May 28, 2020, denied as successive June 8, 2020.  (Doc. Nos. 15-15, 15-16).
7. California Court of Appeal habeas petition filed June 25, 2020, denied July 31, 2020.  (Doc. Nos. 15-17, 15-18).
8. California Supreme Court habeas petition filed August 17, 2020, denied November 10, 2020.  (Doc. Nos. 15-19, 15-20).

---

[3] The Court similarly applies the mailbox rule to a petitioner's state collateral filed motions.

As noted *supra*, applying the mailbox rule, Lara filed his federal petition on December 17, 2020. (Doc. No. 1).

### III. ANALYSIS

**A. Statutory Tolling**

**1. Applicable Law**

The federal statute of limitations tolls for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). An application for post-conviction or other collateral review is "pending" in state court "as long as the ordinary state collateral review process is 'in continuance'—*i.e.*, 'until the completion of' that process.'" *Carey v. Saffold*, 536 U.S. 214, 219 (2002) (citations omitted). "California's collateral review system differs from that of other States in that it does not require, technically speaking, appellate review of a lower court determination." *Id*. at 221. Instead, petitioners are required to file an original habeas petition and a subsequent appeal in each level of court (superior, appellate, and supreme) within a "reasonable" period. *Id.* at 221-22; *Robinson v. Lewis,* 9 Cal.5th 883, 897 (2020) ("There are no specific time limits for either filing the first [habeas] petition or filing subsequent petitions in a higher court. Instead, California courts employ a *reasonable*ness standard. The claim must generally be presented without substantial delay."). A petition is considered no longer "pending," and the petitioner is barred from AEDPA statutory tolling if an unreasonable amount of time elapsed between the filing of state court habeas petitions. *Saffold*, 536 U.S. at 221.

To determine whether a habeas claim was filed within a reasonable amount of time, California courts consider three factors. *Robinson,* 9 Cal.5th at 897. First, "a claim must be presented without *substantial delay.*" *Id*. (emphasis in original). "'Substantial delay is measured from the time the petitioner or his or her counsel knew, or reasonably should have known, of the information offered in support of the claim and the legal basis for the claim.'" *Id*. (quoting *In re Robbins*, 18 Cal. 4th 770, 780 (Cal. 1998). Second, if a petition was filed with substantial delay, a petition may yet be considered on the merits if the "petitioner can demonstrate *good cause* for the delay." *Id*. (emphasis in original). Third, a petition filed without good cause for substantial

5

delay will be considered if it falls under one of four narrow exceptions. *Id*. Only three of the four exceptions are relevant to noncapital cases: (1) the "'error of constitutional magnitude led to a trial that was so fundamentally unfair that absent the error no reasonable judge or jury would have convicted the petitioner;'"(2) "'the petitioner is actually innocent of the crime or crimes of which he or she was convicted;'" and (3) "'the petitioner was convicted or sentenced under an invalid statute.'" *In re Reno*, 55 Cal. 4th 428, 460 (Cal. 2012) (quoting *Robbins*, 18 Cal. 4th at 780). The California Supreme Court has opined that a six-month gap delay would normally be "unduly generous," but adopted "a time period of 120 days as the safe harbor for gap delay" for the filing of habeas petitions between state court levels. *Robinson*, 9 Cal. 5th at 901. "A new petition filed in a higher court within 120 days of the lower court's denial will never be considered untimely due to gap delay." *Id*.

For petitions filed in a "reasonable time," a petitioner may count as "pending" the "days between (1) the time the lower state court reached an adverse decision, and (2) the day he filed a petition in the higher state court." *Evans*, 546 U.S. at 193. This Court "must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness." *Id.* at 198.

### 2. **The Petition is Untimely Despite Statutory Tolling**

Here, AEDPA's statute of limitations began running on July 11, 2018, when Lara's conviction became final and continued to run until Lara filed his first state habeas petition on November 29, 2018. "AEDPA's statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). Accordingly, 141 days elapsed on the AEDPA clock between the finality of direct review and the filing of Lara's first habeas petition.

Because Lara's first state habeas petition (Doc. No. 15-5) was "properly filed," the statute of limitations remained tolled from its filing on November 29, 2018 until its denial on January 18, 2019 (Doc. No. 15-6), a period of 50 days. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (A state

habeas petition is "'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."); *Pace v. DiGuglielmo*, 544 U.S. 308, 410 (2005).

Lara filed a second habeas petition in the state superior court on March 5, 2019. (Doc. No. 15-7). The second petition did not advance the claims raised in the first habeas petition. Thus, Lara does not get the benefit of continuous tolling. *Banjo. Ayers*, 614 F.3d 964, 968 (9th Cir. 2010). In other words, no statutory tolling applies to periods between petitions that do not seek relief in a progression from the state superior court, appellate court, and supreme court. *Nino*, 183 F.3d 1003, 1006-07 (The limitations period "remains tolled during the intervals between the state court's disposition of a state habeas petition and the filing of the petition at the next state appellate level."); *Delhomme v. Ramirez*, 340 F.3d 817, 821 n.3 (9th Cir. 2003) ("[T]he crucial issue for tolling purposes is whether the petitioner has timely proceeded to the next appellate level, since the one year filing period is tolled to allow the opportunity to complete one full round of review."). Here, Lara went "down the ladder" by consecutively seeking habeas relief in the state superior court. Therefore, 46 additional days ran on the AEDPA clock between January 18, 2019, when the first petition was denied, and March 5, 2019, when Lara filed his second petition. At this point, 187 days of the limitation period had run.

Lara filed his third habeas petition in the state court of appeal following the denial of his second habeas petition. If the gap delay between the denial of his second petition and the filing of his third petition was reasonable, Lara is entitled to tolling. The third petition was filed on May 27, 2019 (Doc. No. 15-9), 75 days after Lara's second petition was denied on March 13, 2019. (Doc. No. 15-8). The Court now must determine whether the state court would find the 75-day delay reasonable. *Evans*, 546 U.S. at 193. Turning to the three *Robinson* factors, the Court must first ask whether the petition was presented without "substantial delay." *Robinson,* 9 Cal.5th at 897. Because the third petition was filed within California's 120-day safe harbor, the Court finds the filing gap between the two petitions reasonable. *See Robinson*, 9 Cal. 5th at 901. Accordingly, the Court need not address the remaining two *Robinson* factors. Because the gap delay was reasonable, the limitations period was tolled from the date of filing of the second

petition on March 5, 2019 (Doc. No. 15-7), until the denial of the third petition on August 22, 2019. (Doc. No. 15-10). Accordingly, the limitations period was tolled for 170 days.

Lara filed his fourth petition in the state superior court on January 29, 2020, a step down the ladder from his third petition in the state court of appeal. (Doc. No. 15-11). As explained *supra*, because Lara did not progress to the next level (state supreme court), the gap time between the filing of his third and fourth petitions was not tolled. Therefore, the limitations period began running on August 22, 2019 (Doc. No. 15-10), the denial of his third petition, and continued to run until January 29, 2020, when Lara filed his fourth petition—160 days. (Doc. No. 15-11). Accordingly, at this point, 347 days of the limitations period had elapsed.

When Lara filed his fourth petition in the state superior court on January 29, 2020, he again "kicked off a new round of collateral review." *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003). Therefore, Lara is entitled to tolling during the pendency of the fourth petition—from its January 29, 2020 filing (Doc. No. 15-11) until its denial on February 20, 2020. (Doc. No. 15-12). This provides Petitioner with 22 days of additional tolling.

Petitioner filed his fifth habeas petition in the state superior court on March 10, 2020. (Doc. No. 15-13). Again, because this petition did not progress to the next state court level, Lara does not get the benefit of continuous statutory tolling for this petition. Therefore, the AEDPA clock which had run for 347 days commenced running again from the denial of the fourth petition on February 20, 2020 (Doc. No. 15-12) and expired 18 days later, on March 9, 2020.[4] Thus, by the time Lara filed his fifth habeas petition on March 10, 2020, the one-year limitations had expired. Moreover, the fifth petition was deemed successive by the state superior court, meaning that the petition was not "properly filed." Therefore, it would not have tolled the federal limitations period even if timely filed. (Doc. No. 15-3).

Because Lara filed his fifth petition after the statute of limitations expired, this petition and his subsequent sixth, seventh, and eighth petitions had no effect on the statute of limitations.

---

[4] Respondent calculates this date as March 8, 2020. (Doc. No. 13 at 6). However, the Court takes judicial notice that 2020 was a leap year and therefore had 366 days. Giving Lara the benefit of the leap year, the statute of limitations expired March 9, 2020.

8

*See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). Thus, Petitioner's federal habeas petition filed in this Court on December 17, 2020 is untimely by nine months and eight days (283 days). Therefore, the petition must be dismissed as time barred unless Lara can demonstrate that he is entitled to equitable tolling.

**B. Equitable Tolling**

**1. Applicable Law**

AEDPA's statutory limitations period may be equitably tolled. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is available if a petitioner shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. at 649. To show "extraordinary circumstances," a petitioner must show that "the circumstances that caused his delay are both extraordinary and beyond his control"—a high threshold. *Menominee Indian Tribe of Wisconsin v. United States*, 136 S. Ct. 750, 756 (2016). "The requirement that extraordinary circumstances 'stood in [a petitioner's] way' suggests that an *external* force must cause the untimeliness. *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (emphasis added). Furthermore, a petitioner must show that the extraordinary circumstances *caused* the untimely filing of his habeas petition. *See Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citing *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (explaining that equitable tolling is available only when the extraordinary circumstances were the cause of the petitioner's untimeliness); *Smith v. Davis*, 953 F.3d 582, 595 (9th Cir. 2020) ("Whether an impediment caused by extraordinary circumstances prevented timely filing is a 'causation question.'").

To demonstrate that he has been pursuing his rights diligently, a petitioner must show that he has "been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court." *Davis*, 953 F.3d 5 at 598-99. In other words, "when [a petitioner] is free from the extraordinary circumstance, he must also be diligent in actively pursuing his rights." *Id*. at 599. The diligence required for equitable tolling does not have to be maximum feasible diligence, but rather reasonable diligence. *Holland v. Florida*, 560 U.S. at

9

653. And the court is not to impose a rigid impossibility standard on petitioners, especially *pro se* prisoner litigants "who have already faced an unusual obstacle beyond their control during the AEDPA litigation period." *Fue v. Biter*, 842 F.3d 650, 657 (2016) (quoting *Sossa v. Diaz*, 729 F.3d 1225, 1236 (9th Cir. 2013)). However, "in every instance reasonable diligence seemingly requires the petitioner to work on his petition with some regularity—as permitted by his circumstances—until he files it in the district court." *Davis*, 953 F.3d at 601. Because Petitioner must show diligence before, during, and after extraordinary circumstances prevented him from filing, the relevant time period of the court's analysis is July 11, 2018, the day the statute of limitations began to run, to December 17, 2020, the day petitioner filed his federal petition. *See Davis*, 953 F.3d at 598-99. Admittedly, "the threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 2929 F. 3d 1062, 1066 (9th Cir. 2002) (citations omitted).

### 2. Lara Fails to Demonstrate Entitlement to Equitable Tolling

Lara advances three reasons for equitable tolling: (1) he does not read or speak English; (2) he did not understand AEDPA's requirements; and (3) he had no access to the law library due to the COVID-19 pandemic. (Doc. No. 21 at 3-5). Lara points to his six habeas state petitions as evidence that he was pursuing his rights diligently. (*Id*. at 2).

### a. Language Difficulties

Lara states that he does not read or speak English and that he used an interpreter to file his petition. (Doc. No. 21 at 4-5). "[A] non-English-speaking petitioner seeking equitable tolling must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source." *Mendoza v. Carey*, 449 F.3d 1065, 1070 (9th Cir. 2006). "[A] petitioner . . . who has the assistance of a translator would be barred from equitable relief." *Id*. Lara fails to meet the standard from *Mendoza*. Lara fails to provide any proof that he is a non-English speaker or any details that he requested and or was denied access to a translator. (*See* generally Doc. No. 21). Nonetheless, Lara confirms he had the assistance of an interpreter in prison.

Further, Lara's ability to file eight state habeas petitions in English during the relevant time period belies his assertion that his lack of English language abilities prevented him from timely filing his federal petition. *See Yeh v. Martel*, 751 F.3d 1075, 1078 (9th Cir. 2014) (Petitioner was not entitled to equitable tolling where he was able to file state habeas petitions and repeatedly sought administrative and judicial remedies.); *Gaston v. Palmer*, 417 F.3d 1030, 1035 (9th Cir. 2005), *modified on other grounds*, 447 F.3d 1165 (9th Cir. 2006) ("Because [petitioner] was capable of preparing and filing state court petitions [during the limitations period], it appears that he was capable of preparing and filing a [federal] petition during the time in between those dates."); *Walker v. Schriro*, 141 Fed. App'x. 528, 530-31 (9th Cir. 2005) (holding that where petitioner was able to complete various filings in state court close to the dates of his AEDPA filing period, the district court reasonably concluded that he was capable of filing his federal petition on time and was not entitled to equitable tolling). Petitioner's eight state court habeas petitions were filed between 2018 and 2020, the relevant time period for the Court's inquiry. Accordingly, Petitioner is not entitled to equitable tolling on account of his language abilities.

### b. Ignorance of the Law

Lara next claims he is entitled equitable tolling because he did not understand AEDPA's exhaustion requirement and was not aware of AEDPA's one-year statute of limitations until he filed his sixth state court habeas petition on May 28, 2020. (Doc. No. 21 at 3). Lara's argument is unavailing. It is well established that a prisoner's educational deficiencies, ignorance of the law, or lack of legal expertise is not an extraordinary circumstance and does not equitably toll the limitations period. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("A *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."); *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013, n.4 (9th Cir. 2009) ("While [petitioner's] pro se status is relevant, we have held that a pro se petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling."); *Williamson v. Hubbard*, 27 Fed. App'x. 733, 2001 (9th Cir. 2001) (holding misunderstanding of the law does

not entitle petitioner to equitable tolling). Thus, Lara is not entitled to equitable tolling because of his alleged ignorance of the law.

### c. Law Library Access

Lara claims that the instant petition was filed "in the middle of Covid 19 where access to the law library was and still is not accessible." (Doc. No. 21 at 5). In general, unpredictable lockdowns or library closures do not constitute extraordinary circumstances warranting equitable tolling. *See United States v. Van Poyck*, 980 F.Supp. 1108, 1111 (C.D. Cal. 1997) (inability to secure copies of transcripts from court reporters and lockdowns at prison lasting several days and allegedly eliminating access to law library were not extraordinary circumstances and did not equitably toll one-year statute of limitations). "Petitioner's . . . difficulties and disruptions he encounters with sporadic prison lockdowns are conditions of prison life that are no different than those experienced by the vast majority of incarcerated prisoners attempting to file petitions for writ of habeas corpus. By definition, therefore, such circumstances in themselves are not extraordinary and do not justify equitable tolling." *See id.*; *Galaz v. Harrison*, No. 1:04-cv-05383-TAG HC, 2006 U.S. Dist. LEXIS 17833, at *16 (E.D. Cal. Mar. 27, 2006).

In Lara's case, the statute of limitations expired on March 9, 2020, immediately before the California Department of Corrections and Rehabilitation ("CDCR") began to enact COVID-19 protocols on March 11, 2020.[5] Moreover, despite the COVID-19 protocols instituted by CDCR, Lara managed to file four state habeas petitions and the instant petition. Accordingly, Lara does not demonstrate how his lack of access to the law library after the statute of limitations elapsed prevented him from timely filing his petition.

Based upon a review of the record, the undersigned finds Lara fails to carry his burden of demonstrating that the reasons he cites constitute extraordinary circumstances. Thus, the undersigned recommends that Lara be denied equitable tolling and his petition be dismissed with prejudice as untimely.

---

[5] Although the Court cannot determine the exact date Petitioner lost access to the law library, the CDCR COVID-19 timeline reveals that the first protocols were put into place on March 11, 2020. *See* https://www.cdcr.ca.gov/covid19/updates/#March-2020-CDCR-COVID-TIMELINE, last visited June 25, 2021.

# IV. CERTIFICATE OF APPEALABILITY

State prisoners in a habeas corpus action under § 2254 do not have an automatic right to appeal a final order. *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). To appeal, a prisoner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2); *see also* R. Governing Section 2254 Cases 11 (requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner); Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Where, as here, the court denies habeas relief on procedural grounds without reaching the merits of the underlying constitutional claims, the court should issue a certificate of appealability only "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*. Here, reasonable jurists would not find the undersigned's conclusion debatable or conclude that petitioner should proceed further. The undersigned therefore recommends that a certificate of appealability not issue.

Accordingly, it is **RECOMMENDED**:

1. Respondent's motion to dismiss (Doc. No. 13) be **GRANTED**.
2. The petition (Doc. No. 1) be **DISMISSED** with prejudice.
3. Petitioner be denied a certificate of appealability.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the

specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: ___July 6, 2021___

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE